Nos. 25-3727, 25-7781

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

GAVIN NEWSOM, *et al.*,
*Plaintiffs-Appellees*,

v.

DONALD J. TRUMP, *et al.*,
*Defendants-Appellants*.

**On Appeal from the United States District Court**
**for the Northern District of California**
No. 3:25-cv-04870
The Honorable Charles R. Breyer

# PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO DISMISS

ROB BONTA
*Attorney General of California*
SAMUEL T. HARBOURT
*Solicitor General*
HELEN H. HONG
*Principal Deputy Solicitor General*
THOMAS S. PATTERSON
MICHAEL L. NEWMAN
*Senior Assistant Attorneys General*
ANYA BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
*Supervising Deputy Attorneys General*

CHRISTOPHER D. HU
*Deputy Solicitor General*
MEGHAN H. STRONG
JANE REILLEY
*Deputy Attorneys General*
HALEY AMSTER
*Associate Deputy Solicitor General*

STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Avenue, Suite 11000
San Francisco, CA 94102-7004
(415) 510-3877
Meghan.Strong@doj.ca.gov
*Attorneys for Plaintiffs-Appellees*

January 28, 2026

# TABLE OF CONTENTS

**Page**

Introduction ........................................................................................ 1
Argument ............................................................................................. 2
Conclusion ........................................................................................... 6

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Albers v. Eli Lilly & Co.*
354 F.3d 644 (7th Cir. 2004)............................................................ 3, 4

*Am. Auto. Mfrs. Ass'n v. Mass. Dep't of Envtl. Prot.*
31 F.3d 18 (1st Cir. 1994)................................................................... 2

*Degelmann v. Advanced Med. Optics, Inc.*
699 F.3d 1103 (9th Cir. 2012)............................................................. 6

*Dilley v. Gunn*
64 F.3d 1365 (9th Cir. 1995)............................................................... 6

*Ford v. Strickland*
696 F.2d 804 (11th Cir. 1983)............................................................. 5

*In re Nexium Antitrust Litig.*
778 F.3d 1 (1st Cir. 2015)............................................................... 3, 4

*Naruto v. Slater*
No. 16-15469, 2018 WL 3854051 (9th Cir. Apr. 13, 2018)............ 2, 3, 4, 5

*Newsom v. Trump*
141 F.4th 1032 (9th Cir. 2025)...................................................... 1, 5, 6

*Shellman v. U.S. Lines, Inc.*
528 F.2d 675 (9th Cir. 1975)................................................................ 2

*Suntharalinkam v. Keisler*
506 F.3d 822 (9th Cir. 2007) ............................................................... 4

*Trump v. Illinois*
607 U.S. __ (U.S. Dec. 23, 2025)........................................................... 1

*United States v. State of Wash., Dep't of Fisheries*
573 F.2d 1117 (9th Cir. 1978)............................................................... 2

# TABLE OF AUTHORITIES
# (continued)

**Page**

## STATUTES

United States Code, Title 10
§ 12406 ........ 5
§ 12406(2) ........ 4, 5
§ 12406(3) ........ 1

## COURT RULES

Federal Rules of Appellate Procedure
Rule 27-11(a)(1) ........ 1
Rule 42 ........ 2
Rule 42(b) ........ 2
Rule 42(b)(2) ........ 1

## INTRODUCTION

Governor Gavin Newsom and the State of California (collectively, "the State") oppose defendants' motions to voluntarily dismiss the appeals in No. 25-3727 and No. 25-7781 under Federal Rule of Appellate Procedure 42(b)(2). If defendants' dismissal motions were granted, the Court would be prevented from issuing an opinion applying the Supreme Court's decision in *Trump v. Illinois*, 607 U.S. __, __, 2025 WL 3715211 (U.S. Dec. 23, 2025)—a result that would deprive the lower courts of guidance on recurring issues and would be particularly inappropriate in No. 25-3727, which has already been briefed and argued. The Court should therefore deny defendants' motions.

If, however, the Court grants dismissal, it should vacate its prior published stay order in *Newsom v. Trump*, 141 F.4th 1032 (9th Cir. 2025). As explained in the State's concurrently filed supplemental brief regarding mootness, that order was issued in extraordinary and expedited circumstances, and the order's understanding of 10 U.S.C. § 12406(3) squarely conflicts with the Supreme Court's recent decision in *Illinois*.[1] If the Court grants defendants' dismissal

---

[1] Defendants contend that the filing of their motion to dismiss stays the deadline for the supplemental briefing the Court ordered regarding mootness and the *Illinois* decision. C.A. Dkt. 152.1 at ii n.1. Though the State does not take a position on defendants' reading of Rule 27-11(a)(1), the State nevertheless files its supplemental brief concurrently with this opposition. The State believes that given the overlapping considerations between the issues of dismissal and mootness, the

(continued…)

motions or otherwise declines to decide these appeals in a published opinion on the merits, the appropriate course would be to vacate the published stay order.

**ARGUMENT**

Under Federal Rule of Appellate Procedure 42, "an appeal *may* be dismissed on the appellant's motion on terms agreed to by the parties or fixed by the court." (Emphasis added.) "[T]he court has discretion in deciding whether to dismiss an appeal on appellant's motion under Rule 42(b)." *Shellman v. U.S. Lines, Inc.*, 528 F.2d 675, 678 (9th Cir. 1975); *Naruto v. Slater*, No. 16-15469, 2018 WL 3854051, at *1 (9th Cir. Apr. 13, 2018) ("The grant of a voluntary dismissal is not mandatory, and sometimes neither is it advisable.").

"[C]ircumstances may arise which demand, in the interests of justice, that this court deny appellant's motion to voluntarily dismiss." *Shellman*, 528 F.2d at 678; *Am. Auto. Mfrs. Ass'n v. Mass. Dep't of Envtl. Prot.*, 31 F.3d 18, 22 (1st Cir. 1994) (motions to dismiss "may be denied in the interest of justice or fairness"). This Court and other courts of appeals have recognized that voluntary dismissal motions should be denied when it appears the appellant is seeking dismissal "for the purpose of evading appellate determination of certain questions," *United States v. State of Wash., Dep't of Fisheries*, 573 F.2d 1117, 1118 (9th Cir. 1978), or when

Court will benefit from the State's views on both topics in ruling on defendants' motions.

the appellant "may be acting strategically" to "manipulate the formation of precedent," *In re Nexium Antitrust Litig.*, 778 F.3d 1, 2 (1st Cir. 2015); *Albers v. Eli Lilly & Co.*, 354 F.3d 644, 646 (7th Cir. 2004). Courts are especially reluctant to dismiss an appeal after it has been briefed and argued by the parties. *Naruto*, 2018 WL 3854051, at *1; *Albers*, 354 F.3d at 646; *In re Nexium Antitrust Litig.*, 778 F.3d at 2.

Each of these circumstances is present here and weighs against dismissal of defendants' appeal from the district court's June temporary restraining order, No. 25-3727. Defendants are seeking dismissal more than three months after the completion of merits briefing and oral argument. Though defendants offer no reasoning in their motion, it appears to have been prompted by the Supreme Court's decision in *Illinois*.[2] Defendants do not explain why it would be appropriate to dismiss the appeal at this late stage, when the parties and the Court have already devoted significant resources to the appeal and the Court has directed the parties to file supplemental briefing addressing, among other things, the impact of *Illinois* on this case. If defendants' motion stems from their desire to avoid a potentially adverse decision applying *Illinois* within this Circuit, or a decision

[2] In the weeks following the Supreme Court's decision in *Illinois*, defendants have stipulated or moved to voluntarily dismiss all pending appeals addressing their federalization of the National Guard in California, Oregon, and Illinois. *Illinois v. Trump*, No. 25-2798, Dkt. 41 (7th Cir. Jan. 21, 2026); *Oregon v. Trump*, Nos. 25-6268, 25-7194, Dkt. 24.1 (9th Cir. Jan. 27, 2026).

rejecting their expansive definition of "rebellion" under Section 12406(2), they should not be permitted to dismiss their appeal merely to achieve that result. *See Albers*, 354 F.3d at 646; *Naruto*, 2018 WL 3854051, at *2 ("[C]ourts must be particularly wary of abetting 'strategic behavior' on the part of institutional litigants whose continuing interest in the development of the law may transcend their immediate interest in the outcome of a particular case.") (quoting *Suntharalinkam v. Keisler*, 506 F.3d 822, 828 (9th Cir. 2007) (en banc) (Kozinski, J., dissenting from the denial of rehearing)).

Significantly, Defendants have never disavowed the arguments they made in this appeal, nor pledged not to rely on the same arguments in later litigation. *See In re Nexium Antitrust Litig.*, 778 F.3d at 1-2 ("Defendants do not drop their opposition to the class certification order, nor do they commit not to appeal that order after final judgment is entered. They simply wish to eliminate the possibility that this panel will decide now the merits of such an appeal."). Even as they stated they did not oppose lifting the partial administrative stay of the district court's December preliminary injunction, defendants made clear they did so "[w]ithout prejudice to any other arguments defendants may present." C.A. Dkt. 21.1, No. 25-7781.[3]

[3] In fact, President Trump has made clear that he intends to send the National Guard back to Los Angeles. @realDonaldTrump, Truth Social (Dec. 31, (continued…)

Additionally, No. 25-3727 continues to present live issues for appellate determination, including issues that were not resolved by *Illinois* and are likely to be the subject of future litigation. In particular, neither this Court nor the Supreme Court has addressed the meaning of "rebellion" in Section 12406(2). *Newsom v. Trump*, 141 F.4th 1032, 1051 (9th Cir. 2025) (declining to reach Section 12406(2) concerning "rebellion"). And the State has not yet moved for, nor has the district court entered, final judgment on the State's claim under Section 12406, meaning that these issues will continue to be the subject of litigation before the district court. *See* D.Ct. Dkt. 186 (entering partial final judgment on Posse Comitatus Act claim). In these circumstances, where the appeal has been briefed and argued and lower courts would benefit from a published decision, it is appropriate to deny a request for voluntary dismissal. *Naruto*, 2018 WL 3854051, at *1 ("Here, as in *Ford*, a decision in this developing area of the law would help guide the lower courts.") (citing *Ford v. Strickland*, 696 F.2d 804, 807 (11th Cir. 1983)).

Defendants' motion to dismiss their appeal from the district court's December preliminary injunction order, No. 25-7781, should be denied (or at the very least

---

2025), https://truthsocial.com/@realDonaldTrump/posts/115816171466225987 ("We are removing the National Guard from Chicago, Los Angeles, and Portland," but "[w]e will come back"—"[o]nly a question of time!"); The White House, *President Trump Gaggles with Press on Air Force Once, Jan. 4, 2026*, YouTube, at 22:47-23:04 (Jan. 4, 2026), https://www.youtube.com/watch?v=9XVjd3R2T3g ("We can go back. We're allowed to go back in. But we'll go back in when the crime starts.").

deferred) for similar reasons. Though the preliminary injunction appeal has not yet been briefed, it also addresses issues that remain the subject of ongoing litigation and may recur in future litigation. While it may be appropriate to revisit questions of mootness or voluntary dismissal after No. 25-3727 is resolved on the merits, it would be premature to dismiss the appeal in No. 25-7781 prior to the resolution of No. 25-3727 given the close relationship between the appeals.

If, however, the Court grants defendants' motions to dismiss, it should vacate its prior published stay order in *Newsom v. Trump*, 141 F.4th 1032 (9th Cir. 2025). *See, e.g.*, *Degelmann v. Advanced Med. Optics, Inc.*, 699 F.3d 1103, 1104 (9th Cir. 2012) (granting voluntary dismissal while vacating an earlier published opinion in the same case). For the reasons discussed in plaintiffs' supplemental brief regarding mootness, it would be inequitable to allow defendants to dismiss their appeals while leaving the Court's published stay decision—which is incompatible with the Supreme Court's decision in *Illinois*—to stand. *See Dilley v. Gunn*, 64 F.3d 1365, 1370 (9th Cir. 1995) ("the touchstone of vacatur is equity").

## CONCLUSION

This Court should deny defendants' motions to dismiss. Alternatively, if the Court grants the motions, it should vacate its published stay order issued on June 19, 2025.

Dated: January 28, 2026

Respectfully submitted,

*s/ Meghan H. Strong*

ROB BONTA
*Attorney General of California*
SAMUEL T. HARBOURT
*Solicitor General*
HELEN H. HONG
*Principal Deputy Solicitor General*
THOMAS S. PATTERSON
MICHAEL L. NEWMAN
*Senior Assistant Attorneys General*
ANYA BINSACCA
MARISSA MALOUFF
JAMES E. STANLEY
*Supervising Deputy Attorneys General*
CHRISTOPHER D. HU
*Deputy Solicitor General*
MEGHAN H. STRONG
JANE REILLEY
*Deputy Attorneys General*
HALEY AMSTER
*Associate Deputy Solicitor General*

*Attorneys for Plaintiffs-Appellees*

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Local Rules 27-1(d) and 32-3 because it contains 1,473 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font.

*s/ Meghan H. Strong*
Meghan H. Strong

## CERTIFICATE OF SERVICE

Case Name: ***Newsom v. Trump*** No. **25-3727; 25-7781**

I hereby certify that on January 28, 2026, I electronically filed the following documents with the Clerk of the Court by using the ACMS system:

**PLAINTIFFS-APPELLEES' OPPOSITION TO MOTION TO DISMISS**

I certify that **all** participants in the case are registered ACMS users and that service will be accomplished by the ACMS system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on January 28, 2026, at San Francisco, California.

| | |
|---|---|
| M. Paredes | */s/ M. Paredes* |
| Declarant | Signature |

SA2025303689
44945827